IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| WESTCHESTER FIRE INSURANCE COMPANY,<br><br>    Plaintiff,<br><br>    v.<br><br>EDGE ELECTRIC, LLC; TROY LITTLE; and PATRICIA STROUD,<br><br>    Defendants. | 8:22CV170<br><br>MEMORANDUM AND ORDER |

In this diversity case, *see* 28 U.S.C. § 1332(a)(1), plaintiff Westchester Fire Insurance Company ("Westchester") seeks to recover "all losses and expenses" it incurred in connection with certain payment and performance bonds ("bonds") it issued as surety for defendant Edge Electric, LLC ("Edge Electric"). To induce Westchester to issue those bonds, Edge Electric, as principal, and defendants Troy Little ("Little") and Patricia Stroud ("Stroud" and collectively, "defendants"), as indemnitors, executed an Agreement of Indemnity ("Indemnity Agreement") in favor of Westchester (Filing No. 2-1). Westchester avers it received, investigated, settled, and paid valid bond claims on Edge Electric's behalf as required by the bonds and the Indemnity Agreement, but the defendants failed to meet their obligations under the Indemnity Agreement.

On May 4, 2022, Westchester sued (Filing No. 1) the defendants, asserting claims for (1) breach of express contract, (2) common law indemnification, (3) injunctive relief – specific performance, (4) injunctive relief – quia timet, (5) unjust enrichment – equitable liens, and (6) declaratory relief – assignment. When the defendants "failed to plead or otherwise defend" this action, Fed. R. Civ. P. 55(a), Westchester obtained a Clerk's Entry of Default (Filing No. 14). That satisfied the first step in the two-step process for default judgment under Rule 55. *See, e.g.*, *Inman v. Am. Home Furniture Placement, Inc.*, 120 F.3d 117, 118 n.2 (8th Cir. 1997).

Now pending before the Court is Westchester's Motion for Entry of Default Judgment (Filing No. 17) against Edge Electric and Little[1] under its first cause of action—breach of express contract. That is the second step. *See* Fed. R. Civ. P. 55(b)(2).

Westchester seeks to recover "damages for the settlement payment in the amount of $100,00[0], construction consultant cost in the amount of $10,407.00, the reasonable attorneys' fees and costs associated with collection in the amount of $97,814.00 and $1,988.37 respectively for the total amount of $210,209.37, plus pre-judgment statutory interest of twelve percent (12%) in the amount of $9,205.48, and post-judgment statutory interest accruing at the maximum rate allowed by law per annum until paid in full." Westchester states it "will move to dismiss cause of actions [sic] 2-6 without prejudice" upon entry of default judgment in its favor.

After default is entered, the "facts alleged in the complaint"—except as to damages—are taken as true and "may not be later contested." *Marshall v. Baggett*, 616 F.3d 849, 852 (8th Cir. 2010); *see also* Fed. R. Civ. P. 8(b)(6). "[B]ut 'it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law.'" *Murray v. Lene*, 595 F.3d 868, 871 (8th Cir. 2010) (quoting 10A C. Wright, A. Miller & M. Kane, Federal Practice and Procedure § 2688 at 63 (3d ed. 1998)). The Court must also decide whether to hold an evidentiary hearing on damages. *See KD v. Douglas Cnty. Sch. Dist. No. 001*, 1 F.4th 591, 601 (8th Cir. 2021) ("Rule 55(b)(2) entrusts the district court with the discretion to decide if a hearing on the issue of damages is necessary following default judgment, and nothing in Rule 55(b)(2) mandates that a jury determine the amount of damages, should the district court elect to hold a hearing.").

---

[1]Westchester acknowledges Stroud "filed chapter 13 bankruptcy in the U.S. Bankruptcy Court for the District of Nevada" and is subject to an automatic stay under 11 U.S.C. § 362. Westchester states it is not pursuing default judgment against Stroud, and the Court notes the stay does not extend to claims against Edge Electric and Little. *See Croyden Assocs. v. Alleco, Inc.*, 969 F.2d 675, 677 (8th Cir. 1992).

Here, the Court has no trouble concluding Westchester has plausibly stated a claim for breach of contract under Nebraska law against Edge Electric and Little and is entitled to compensatory damages of $110,407. *See Ryan v. Streck, Inc.*, 958 N.W.2d 703, 710-11 (Neb. 2021) ("A breach of contract action consists of a promise, its breach, damages, and compliance with any conditions precedent."). The Court further finds Nebraska law supports Westchester's request for an award of pre-judgment interest in the amount of $9,205.48. *See Vogt v. State Farm Life Ins. Co.*, 19 F.4th 1071, 1073 (8th Cir. 2021) (stating "the authority to grant prejudgment interest is a question of state law" (quoting *Child.'s Broad. Corp. v. Walt Disney Co.*, 357 F.3d 860, 868 (8th Cir. 2004))); *AVG Partners I, LLC v. Genesis Health Clubs of Midwest, LLC*, 948 N.W.2d 212, 230 (Neb. 2020) (noting Neb. Rev. Stat. § "45-104 allows for interest 'on money due on any instrument in writing'").

But the Court is unable to find Westchester is entitled to all the damages it seeks under Nebraska law. As noted above, Westchester requests "attorneys' fees and costs associated with collection in the amount of $97,814.00 and $1,988.37 respectively" under the terms of the Indemnity Agreement.

The Nebraska Supreme Court has long "refused to enforce contractual provisions providing for the award of attorney fees for the prevailing party, instead holding to the 'American Rule' that each party pay its own costs." *Hand Cut Steaks Acquisitions, Inc. v. Lone Star Steakhouse & Saloon of Neb., Inc.*, 905 N.W.2d 644, 667 (Neb. 2018) (stating generally "contractual agreements for attorney fees are against public policy and will not be judicially enforced" (quoting *Stewart v. Bennett*, 727 N.W.2d 424, 429 (Neb. 2007))); *accord Komatsu Fin., Ltd. P'ship v. Thille*, No. A-09-705, 2010 WL 2697612, at *7 (Neb. Ct. App. July 6, 2010) (unpublished) ("There is no statutory provision in Nebraska permitting recovery of attorney fees in connection with an indemnity agreement."). Westchester has not given any reason that general rule would not apply in these circumstances.

In light of the foregoing,

IT IS ORDERED:

1. Plaintiff Westchester Fire Insurance Company's Motion for Entry of Default Judgment (Filing No. 17) against defendants Edge Electric, LLC, and Troy Little under its first cause of action for breach of express contract is granted in part and denied in part.

2. Judgment is entered in favor of Westchester and against Edge Electric and Little, jointly and severally, in the amount of $119,612.48, plus post-judgment interest at the rate provided by 28 U.S.C. § 1961.

Dated this 22nd day of September 2022.

BY THE COURT:

Robert F. Rossiter, Jr.
Chief United States District Judge