IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| WESTCHESTER FIRE INSURANCE COMPANY,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>EDGE ELECTRIC, LLC; TROY LITTLE; and PATRICIA STROUD,<br><br>　　　　　Defendants. | 8:22CV170<br><br><br>MEMORANDUM<br>AND ORDER |

　　　　This matter is before the Court on plaintiff Westchester Fire Insurance Company's ("Westchester") Motion for Partial Reconsideration (Filing No. 24) of the Court's September 22, 2022, Memorandum and Order (Filing No. 21) pursuant to Federal Rule of Civil Procedure 60(b). In particular, Westchester asserts the denial of Westchester's request for $97,814 in attorney fees and $1,988.37 in costs "incurred in defending the surety bond dispute underlying the indemnity agreement" was "a misapplication of Nebraska law."

　　　　In denying Westchester's request for attorney fees and costs against defendants Edge Electric, LLC ("Edge Electric") and Troy Little ("Little"), the Court observed that "[t]he Nebraska Supreme Court has long 'refused to enforce contractual provisions providing for the award of attorney fees for the prevailing party, instead holding to the 'American Rule' that each party pay its own costs.'" (Quoting *Hand Cut Steaks Acquisitions, Inc. v. Lone Star Steakhouse & Saloon of Neb., Inc.*, 905 N.W.2d 644, 667 (Neb. 2018)). The Court also noted the Nebraska Court of Appeals has found neither a statutory provision permitting nor line of Nebraska Supreme Court cases recognizing and accepting "a uniform course of procedure allowing" an indemnitee to recover "attorney fees in connection with an indemnity agreement." *Komatsu Fin., Ltd. P'ship v. Thille*, No. A-09-705, 2010 WL 2697612, at *7 (Neb. Ct. App. July 6, 2010) (unpublished). The Court

ultimately concluded, "Westchester ha[d] not given any reason that the general rule would not apply in" the circumstances of this case. Though tardy, Westchester claims it can now give such a reason.

Westchester argues "it is well-settled that Nebraska law recognizes" a "small exception to the American Rule" that permits a surety to recover attorney fees and costs "incurred in defending a dispute underlying the indemnity agreement (i.e., on account of the bonds), rather than in an indemnity enforcement action." In support, Westchester cites several cases it contends establish the "uniform course of procedure for allowing attorney fees" the Nebraska Court of Appeals was unable to find in *Komatsu*. *See*, *e.g.*, *McGreevy v. Bremers*, 288 N.W.2d 490, 492 (Neb. 1980); *Am. Sur. Co. of N.Y. v. Vinsonhaler*, 137 N.W. 848, 850 (Neb. 1912).

After careful review, this Court is not convinced Nebraska law is as "well-settled" on this point as Westchester suggests. Westchester's cited cases are simply not as clear and definitive on this particular issue as Westchester seems to believe. *See*, *e.g.*, *Webster v. Fall*, 266 U.S. 507, 511 (1925) ("Questions which merely lurk in the record, neither brought to the attention of the court nor ruled upon, are not to be considered as having been so decided as to constitute precedents."); *Heist v. Neb. Dep't of Corr. Servs.*, 979 N.W.2d 772, 785 (Neb. 2022) ("A case is not authority for any point not necessary to be passed on to decide the case or not specifically raised as an issue addressed by the court."). But that is not to say the distinction Westchester draws is without some merit.

To the contrary, as briefly noted in *Komatsu*, courts frequently allow an indemnitee to recover from an indemnitor reasonable "attorney fees and expenses incurred in defending [a] claim as to which he is indemnified" while barring the recovery of attorney fees and expenses incurred in establishing the contractual right to indemnity. 2010 WL 2697612, at *7 (citing *Peter Fabrics, Inc. v. Hermes*, 765 F.2d 306, 315 (2nd Cir. 1985), and *Flunker v. United States*, 528 F.2d 239, 246 (9th Cir. 1975)). The Eighth Circuit is one of the many circuits to have applied that limited "exception to the general rule" that

2

"attorney fees are not recoverable by a prevailing party." *Bagby v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 491 F.2d 192, 198 n.9 (8th Cir. 1974) (finding the recovery of limited fees "in accord" with Missouri caselaw).

Although not convinced the Nebraska Supreme Court has definitively decided this issue already, the Court does predict the Nebraska Supreme Court would adopt the exception Westchester relies on if squarely presented with this question. *See Spagna v. Phi Kappa Psi, Inc.*, 30 F.4th 710, 716 (8th Cir. 2022) (explaining that in the absence of a decision from the state supreme court on a matter of state law, a federal court sitting in diversity must predict how that court would rule). Accordingly, the Court will allow Winchester to recover the reasonable attorney fees and costs it incurred defending the underlying bond claim as provided by its indemnity agreement with Edge Electric and Little.

Based on the foregoing,

IT IS ORDERED:
1. Plaintiff Westchester Fire Insurance Company's Motion for Partial Reconsideration is granted.
2. In addition to the original judgment of $119,612.48, Westchester is entitled to recover $97,814 in attorney fees and $1,988.37 in costs it incurred in defending the underlying bond claim.
3. An amended judgment is entered in favor of Westchester and against Edge Electric and Little, jointly and severally, in the total amount of $219,414.85, plus post-judgment interest at the rate provided by 28 U.S.C. § 1961.

Dated this 7th day of November 2022.

BY THE COURT:

Robert F. Rossiter, Jr.
Chief United States District Judge