IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| WESTCHESTER FIRE INSURANCE COMPANY, | |
| Plaintiff, | 8:22CV170 |
| vs. | ORDER |
| EDGE ELECTRIC, LLC, TROY LITTLE, PATRICIA STROUD, | |
| Defendants. | |

This matter is before the Court on Plaintiff's Motion to Compel Production of Documents. (Filing No. 29.) For the reasons explained below, the motion will be granted, in part.

## BACKGROUND

On May 4, 2022, Plaintiff filed a Complaint seeking a monetary judgment for breach of contract against Defendants Edge Electric, LLC, Patricia Stroud, and Troy Little ("Mr. Little"). (Filing No. 1.) On June 21, 2022, a clerk's entry of default was entered against Defendants. (Filing Nos. 12, 13, 14.) Plaintiff filed a Motion for Entry of Default Judgment against Defendants Mr. Little and Edge Electric on July 15, 2022.[1] (Filing No. 17.) On September 22, 2022, the Court entered judgment in favor of Plaintiff in the amount of $119,612.48 against Edge Electric and Mr. Little. (Filing No. 21.) On November 7, 2022, the Court entered an amended judgment in the amount of $219,414.85 against Edge Electric and Mr. Little. (Filing No. 25.)

---

[1] Patricia Stroud filed for bankruptcy in the United States Bankruptcy Court for the District of Nevada on or about June 27, 2022. Therefore, Plaintiff did not seek an entry of default judgment against Ms. Stroud. (Filing No. 15.)

In its effort to execute on the judgment, Plaintiff mailed its "First Set of Written Discovery in Aid of Execution Pursuant to Fed. R. Civ. P. 69 to Troy Little" on April 6, 2023, seeking the production of documents.[2] (Filing No. 34.) Plaintiff also hired a process serving company to serve the discovery on Mr. Little. (Filing No. 34.) Mr. Little was served on April 25, 2023. (Filing No. 34.) Through the discovery, Plaintiff requests documents related to Mr. Little's employment, finances, and assets, including financial information for Mr. Little's business ventures. To date, Mr. Little has not responded to the discovery. On June 12, 2023, Plaintiff filed the instant motion seeking to compel Mr. Little to respond to the discovery. Plaintiff's motion certifies that Plaintiff has attempted to confer with Mr. Little about his discovery obligations, to no avail. Mr. Little has not responded to Plaintiff's Motion to Compel.

## DISCUSSION

Pursuant to Federal Rule of Civil Procedure 69(a)(2), "[i]n aid of the judgment or execution, the judgment creditor or a successor in interest whose interest appears of record may obtain discovery from any person—including the judgment debtor." Fed. R. Civ. P. 69. The purpose of this discovery is to "allow the judgment creditor to identify assets from which the judgment may be satisfied and consequently, the judgment creditor should be permitted to conduct a broad inquiry to uncover any hidden or concealed assets of the judgment debtor." *State Resources Corp. v. Younger*, No. 08-06041-CV-SJ-DGK, 2014 WL 912369, at *3 (W.D. Mo. Mar. 10, 2014) (quotation omitted).

Plaintiff's First Set of Written Discovery in Aid of Execution seek the production of documents that are within the scope of discovery allowed by Rule 69. Plaintiff seeks documents related to Mr. Little's employment, finances, and assets, including financial information for Mr. Little's business ventures. This information is relevant to the enforcement of the judgment against Mr. Little because it will allow Plaintiff to identify assets from which the judgment may be satisfied. Therefore, Mr. Little must produce the requested materials.

Plaintiff's Motion to Compel also asks that Mr. Little be sanctioned in the form of attorney's fees and costs due to Mr. Little's failure to respond to the discovery and cooperate in

---

[2] Plaintiff filed a supplemental index of evidence on July 10, 2023 and supplied the Court with a copy of Plaintiff's First Set of Written Discovery in Aid of Execution. (Filing No. 34.)

the discovery process. Pursuant to Federal Rule of Civil Procedure 37, if a motion to compel production of documents is granted, the court must, after giving an opportunity to be heard, require the party whose conduct necessitated the motion to pay the movant's reasonable expenses incurred in making the motion (including attorney's fees), unless (a) the motion was filed before attempting in good faith to obtain the discovery without court action, (b) the non-disclosure of the documents was substantially justified, or (c) other circumstances make an award of expenses unjust. Fed. R. Civ. P. 37. Therefore, at this time, the Court will order Mr. Little to show case why he should not be required to pay Plaintiff's expenses incurred in filing this motion, including Plaintiff's attorney's fees.

Accordingly,

**IT IS ORDERED:**

1. Plaintiff's Motion to Compel Production of Documents (Filing No. 29) is granted, in part.

2. By July 14, 2023, Plaintiff shall send Mr. Little, via first-class mail, another copy of its First Set of Written Discovery in Aid of Execution, along with a copy of this Order. Upon doing so, Plaintiff shall file a certificate of service setting out the date of mailing, as well as the address(es) to which the documents were sent.

3. Mr. Little shall respond to Plaintiff's First Set of Written Discovery in Aid of Execution no later than August 14, 2023.

4. By August 14, 2023, Mr. Little shall also file a document with the Court showing cause as to why he should not be sanctioned for his past failure to respond to Plaintiff's First Set of Written Discovery in Aid of Execution. Mr. Little is advised that failure to show cause will result in sanctions, which will require Mr. Little to pay Plaintiff's reasonable attorney's fees and expenses incurred in connection with Plaintiff's Motion to Compel. Additional sanctions may also be imposed if Mr. Little continues to refuse to respond to Plaintiff's First Set of Written Discovery in Aid of Execution.

5. The Clerk of Court shall mail a copy of this Order to Mr. Little at his address of record. The Clerk of Court shall also mail a copy of this Order to Mr. Little at 1740 12th St., Gering, Nebraska 69341.

Dated this 13th day of July, 2023.

BY THE COURT:

s/ Susan M. Bazis
United States Magistrate Judge