IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| WESTCHESTER FIRE INSURANCE COMPANY, | |
| Plaintiff, | 8:22CV170 |
| vs. | ORDER |
| EDGE ELECTRIC, LLC, TROY LITTLE, PATRICIA STROUD, | |
| Defendants. | |

On May 4, 2022, Plaintiff filed a Complaint seeking a monetary judgment for breach of contract against Defendants Edge Electric, LLC, Patricia Stroud, and Troy Little ("Mr. Little"). ([Filing No. 1](#).) On June 21, 2022, a clerk's entry of default was entered against Defendants. ([Filing Nos. 12](#), [13](#), [14](#).) Plaintiff filed a Motion for Entry of Default Judgment against Defendants Mr. Little and Edge Electric on July 15, 2022.[1] ([Filing No. 17](#).) On September 22, 2022, the Court entered judgment in favor of Plaintiff in the amount of $119,612.48 against Edge Electric and Mr. Little. ([Filing No. 21](#).) On November 7, 2022, the Court entered an amended judgment in the amount of $219,414.85 against Edge Electric and Mr. Little. ([Filing No. 25](#).)

In its effort to execute on the judgment, Plaintiff mailed its "First Set of Written Discovery in Aid of Execution Pursuant to Fed. R. Civ. P. 69 to Troy Little" on April 6, 2023, seeking the production of documents. ([Filing No. 34](#).) Plaintiff also hired a process serving company to serve

---

[1] Patricia Stroud filed for bankruptcy in the United States Bankruptcy Court for the District of Nevada on or about June 27, 2022. Therefore, Plaintiff did not seek an entry of default judgment against Ms. Stroud. ([Filing No. 15](#).)

the discovery on Mr. Little. (Filing No. 34.) Mr. Little was served on April 25, 2023. (Filing No. 34.)

On June 12, 2023, Plaintiff filed a Motion to Compel (Filing No. 29) seeking to compel Mr. Little to respond to the discovery. Plaintiff also requested that Mr. Little be sanctioned for his failure to respond to the discovery. Plaintiff's motion certified that Plaintiff attempted to confer with Mr. Little about his discovery obligations, to no avail. Mr. Little did not respond to the Motion to Compel.

On July 13, 2023, the Court granted Plaintiff's Motion to Compel, in part. (Filing No. 35.) The Court ordered Mr. Little to respond to Plaintiff's discovery requests by August 14, 2023. The Court further ordered Mr. Little to file a document showing cause as to why he should not be sanctioned for his failure to respond to the discovery requests. The order advised Mr. Little that his failure to show cause would result in sanctions, which would require him to pay Plaintiff's reasonable attorney's fees and expenses incurred in connection with the Motion to Compel. The order further advised that additional sanctions could be imposed if Mr. Little continued to refuse to respond to the discovery requests.

Plaintiff did not file a document showing cause as ordered by the Court. Consequently, on September 7, 2023, the Court entered a text order stating that Mr. Little would be sanctioned. (Filing No. 39.) The Court directed Plaintiff to file a detailed itemization of attorney's fees setting out the amounts Plaintiff incurred in connection with its Motion to Compel. Plaintiff filed the itemization as ordered by the Court. (Filing No. 40.) The Court required clarification of a couple matters set out in Plaintiff's itemization and directed Plaintiff to file a supplemental itemization, which Plaintiff has now done. (Filing No. 41; Filing No. 42.)

## DISCUSSION

The question before the Court is the amount of attorney's fees and costs Plaintiff should be awarded. Plaintiff requests an award of $1,858.38 for costs and fees incurred in relation to its Motion to Compel. "The starting point in determining attorney fees is the lodestar, which is calculated by multiplying the number of hours reasonably expended by the reasonable hourly rates." *Hanig v. Lee*, 415 F.3d 822, 825 (8th Cir. 2005) (quotation omitted). In evaluating a fee request, the Court may rely on its own experience and knowledge of prevailing market rates. *Id*.

"A reasonable hourly rate is usually the ordinary rate for similar work in the community where the case has been litigated." *Fish v. St. Cloud State Univ.*, 295 F.3d 849, 851 (8th Cir. 2002).

The Court has reviewed Plaintiff's itemization and supplemental itemization of costs. Plaintiff seeks an hourly rate of $260 for attorneys Patrick Hustead and Jeffrey Hegewald, who are partners in the law firm representing Plaintiff. Plaintiff seeks an hourly rate of $240 for associate attorney, Michael Hupf, and $130 for paralegals. Along with the supplemental itemization, Mr. Hustead submitted an affidavit, averring that the focus of his law practice is complex litigation, including cases like the one at hand. (Filing No. 42-1.) Mr. Hustead stated in his affidavit that he is experienced in the hourly rates that are generally acceptable to clients in this type of litigation and the rates charged by other attorneys and firms in Nebraska and other regions for comparable legal services. Based on his knowledge and experience, he stated the rates requested are reasonable and within the range of those typically charged by attorneys in Nebraska for surety and commercial litigation. He also stated the tasks performed were reasonable, appropriate, and necessary.

Having reviewed the matter, the Court finds that the hourly rates requested for Plaintiff's counsel and paralegals are within the reasonable and customary range for services performed given the nature of the case, the local rates of pay, and the experience of counsel. Therefore, the hourly rates requested will be applied. The Court further finds that the time spent on the Motion to Compel is reasonable and appropriate, as are the costs associated with the motion. Therefore, Plaintiff be awarded attorney's fees in the amount of $1,811, plus costs in the amount of $47.38, for a total award of $1,858.38.

Accordingly,

**IT IS ORDERED** Mr. Little shall pay Plaintiff's $1,858.38 in attorney's fees and costs incurred in connection with Plaintiff's Motion to Compel.

Dated this 18th day of December, 2023.

BY THE COURT:

s/ Susan M. Bazis
United States Magistrate Judge